**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO,**<br>**Plaintiff**,<br><br>v.<br><br>**USHEALTH ADVISORS, LLC,** a Texas Limited Liability Company, **USHEALTH GROUP, INC**., a Delaware corporation, **UNITEDHEALTHCARE OF TEXAS, INC**., **ROBERTO CABRERA**, **JOHN MURILLAS**, **JORDAN RICHEY**, **NATHALIA PEREZ**, **BRANDON MARTINEZ**, and **JENNIFER MASER**,<br><br>**Defendants**. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case no. 3:24-cv-00350-LS** |

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

---

## PARTIES

**1.** Plaintiff JOSHUA CACHO ("Plaintiff") is a natural person and resident of the Western District of Texas.

**2.** Defendant USHEALTH ADVISORS, LLC ("USHA") is a Limited Liability Company organized and existing under the laws of Texas and can be served via registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

**3.** USHA is licensed to transact business in the State of Texas.

**4.** At all relevant times USHA marketed and sold insurance products to consumers in the State of Texas.

**5.** At all relevant times USHA derived a substantial profit from the insurance products it marketed and sold insurance products to consumers in the State of Texas.

**6.** Defendant USHEALTH GROUP, INC. ("USHG") is a corporation organized and existing under the laws of Delaware and can be served via registered agent The Corporation Trust Company at 1209 Orange Street, Wilmington, Delaware 19801.

**7.** USHG is licensed to transact business in the State of Texas.

**8.** At all relevant times USHG marketed and sold insurance products to consumers in the State of Texas.

**9.** At all relevant times USHG derived a substantial profit from the insurance products it marketed and sold insurance products to consumers in the State of Texas.

**10.** Defendant UNITEDHEALTHCARE OF TEXAS, INC. ("USTI") is a corporation organized and existing under the laws of Texas and can be served via registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

**11.** USTI is licensed to transact business in the State of Texas.

**12.** At all relevant times USTI marketed and sold insurance products to consumers in the State of Texas.

**13.** At all relevant times USTI derived a substantial profit from the insurance products it marketed and sold insurance products to consumers in the State of Texas.

**14.** Defendant ROBERTO CABRERA ("Cabrera") is a natural person.

**15.** On information and belief, Cabrera was at all relevant times an independent insurance agent licensed by the Texas Department of Insurance.

**16.** Defendant BRANDON MARTINEZ ("Martinez") is a natural person.

**17.** At all relevant times Martinez was an independent insurance agent licensed by the Texas Department of Insurance.

**18.** Defendant JENNIFER MASER ("Maser") is a natural person.

**19.** At all relevant times Maser was an independent insurance agent licensed by the Texas Department of Insurance.

**20.** Defendant JOHN MURILLAS ("Murillas") is a natural person.

**21.** At all relevant times Murillas was an independent insurance agent licensed by the Texas Department of Insurance.

**22.** Defendant NATHALIA PEREZ ("Perez") is a natural person.

**23.** At all relevant times Perez was an independent insurance agent licensed by the Texas Department of Insurance

**24.** Defendant JORDAN RICHEY ("Richey") is a natural person.

**25.** Cabrera, Martinez, Murillas, Perez, and Richey are collectively referred to herein as the "Independent Agent Defendants."

**26.** Each of the Independent Agent Defendants designated the Texas Commissioner of Insurance as their agent for legal process in the State of Texas and, therefore, may be served with process at Texas Department of Insurance, 1601 Congress Avenue, Austin, Texas 78701.

**27.** At all relevant times each of the Independent Agent Defendants marketed and sold insurance products for USHA, USHG, USTI and affiliates to consumers in the State of Texas.

## JURISDICTION AND VENUE

**28.** Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

## PERSONAL JURISDICTION

**29.** This Court has general personal jurisdiction over each of the Defendants because they are registered and or licensed to transact business within the State of Texas and, at all relevant times,

marketed and sold insurance products to consumers in the State of Texas and derived substantial revenue from their activities.

## VENUE

**30.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because each Defendant is at home in Texas and Plaintiff is a Texas resident.

**31.** This Court has venue over each Defendant because Plaintiff resides in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

**32.** In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

**33.** The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

**34.** The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

**35.** The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

**36.** Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

**37.** The TCPA provides a private cause of action to persons who receive calls in violation of 227(c) or a regulation promulgated there under. 47 U.S.C. § 227(c)(5).

**38.** According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

**39.** The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

**40.** The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

**41.** *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

**42.** The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

**43.** Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

**44.** The TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *Id*. at § 227(a)(1)

**45.** As to what type of dialing equipment constitutes an ATDS, the TCPA vests to the Federal Communication Commission ("FCC") the responsibility to promulgate regulations implementing the TCPA's requirements. *Id.* at § 227(a)(1).

**46.** Over the last nineteen years, the FCC has repeatedly recognized that a predictive dialer is an ATDS that is subject to regulation by the TCPA. In its 2003 Order, the FCC also defined a "predictive dialer" holding:

> [A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from

> a database of numbers. As commenters point out, in most cases, telemarketers program the numbers to be called into the equipment, and the dialer calls them at a rate to ensure that when a consumer answers the phone, a salesperson is available to take the call.

**47.** In 2008, the FCC affirmed "that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers."

**48.** A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

**49.** Plaintiff's personal cell phone ending in 9810 has been registered on the National Do-Not-Call Registry for more than thirty-one (31) days prior to the first call received from Clarity's agents.

**50.** Plaintiff personally registered the cell phone at issue in this case on the National-Do-Not-Call Registry on May 21, 2021.

**51.** Plaintiff never asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

**52.** Plaintiff filed a lawsuit for TCPA violations against USHG on August 12, 2022, in the Middle District of Florida. *See Cacho v. USHealth Group, Inc., No. 6:22-cv-01439.*

**53.** On January 24, 2023, the Court dismissed the case *Cacho v. USHealth Group, Inc. No. 6:22-cv-01439* without prejudice due to the Parties failing to file a Case Management Report in the allotted amount of time.

**54.** Plaintiff filed a lawsuit for TCPA violations against USHA on April 21, 2023, in the Middle District of Florida. See *Cacho v. USHealth Advisors, LLC et al No. 6:23-cv-00737*.

**55.** On June 2, 2023, Plaintiff filed a First Amended Complaint adding USHG to the lawsuit after learning USHG and USHA were a common enterprise, Plaintiff also added the TCPA violations for calls alleged in his lawsuit *Cacho v. USHealth Group, Inc No. 6:22-cv-01439*.

**56.** *Cacho v. USHealth Advisors, LLC et al* is ongoing and has not been resolved.

**57.** Plaintiff, during relevant time period, received an excess number of health-related phone calls and text messages from Defendants.

**58.** At the time Plaintiff filed his complaint against Defendant USHA in the Middle District of Florida he was only aware that Defendants were responsible for text messages he had received, but later USHA admits the Defendants placed phone calls to Plaintiff along with text messages.

**59.** Plaintiff is entitled to relief for any TCPA violating phone calls or text messages that were received during the relevant time period that are within the statute of limitations. Plaintiff seeks damages for all phone calls Defendants placed to him. The phone calls will be revealed during discovery.

**60.** USHA indicated Defendants placed multiple phone calls to Plaintiff between 2021, through 2023.

**61.** On August 22, 2023, Plaintiff sent USHA's counsel a Request for Production and Interrogatories. *See Exhibit A.*

**62.** On Interrogatory No. 3, Plaintiff asked USHA to **Identify any person or company that made outbound solicitation phone calls on behalf of USHealth Advisors, LLC from November 2018 to present.**

**63.** On October 17, 2023, counsel for USHA responded with USHA's Objections and Responses. *See Exhibit A.*

**64.** No. 3's answer included **"information available to USHA shows that the several independently contracted licensed insurance advisors made telephone calls or sent text messages to Plaintiff regarding USHA. These persons are: Roberto Cabrera, Brandon Martinez, Jennifer Maser, John Murillas, Nathalia Perez, and Jordan Richey. Mr. Martinez, Ms. Maser, Ms. Perez, and Mr. Richey can be contacted through counsel for USHA".** *See Exhibit A.*

**65.** USHA's attorneys subsequently confirmed their understanding that the Defendants placed multiple phone calls and text messages to Plaintiff.

**66.** On January 16, 2024, Plaintiff sent USHA his 2nd set of Combined Discovery Requests for USHealth Advisors, LLC. *See Exhibit B.*

**67.** On February 15, 2024, USHA's counsel responded with USHA's Objections and Responses. See Exhibit B.

**68.** In Plaintiff's **2nd Request for Production**, Plaintiff asked specifically for call records from the agents identified by USHA's counsel's Answer to No.3 of Plaintiff's First Set of Combined Discovery Requests. *See* ¶ *64.*

**69.** On August 14, 2024, Plaintiff sent USHA's counsel a Meet and Confer letter for the missing call records.

**70.** A Meet and Confer conference call was held on August 23, 2024, in which Opposing

counsel further confirmed their understanding that each of the Defendants placed multiple phone calls and text messages to Plaintiff in 2021, 2022, and 2023 but refused to provide discovery on grounds Plaintiff did not allege calls in his original or any Amended Complaints.

**71.** Plaintiff filed a Motion to Compel Production of Call Records on September 5, 2024.

**72.** USHA's counsel filed a Response in Opposition on September 10, 2024.

**73.** USHA objected on the grounds that Plaintiff's Complaint did not allege violative phone calls therefore, and therefore USHA should not have to provide call records for *that* lawsuit.

**74.** On September 11, 2024, Plaintiff's Motion to Compel was denied by the Court, and the Court stated, USHA did not have to turn over any call records because Plaintiff's operative Complaint only alleged violative text messages.

**75.** USHA's defense is that Independent Agent Defendants placed calls and sent text messages to Plaintiff "**Regarding USHA**" and its products but they acted "**Independently**" without USHA's direction and control.

**76.** During the period of April 1, 2021, through May 31, 2023, Plaintiff received numerous health care related phone calls from Defendants.

**77.** Plaintiff estimates Defendants placed more than 100 violative phone calls to Plaintiff between April 1, 2021, and May 31, 2023.

**78.** Plaintiff communicated several DNC Requests to Defendants between April 1, 2021, through May 31, 2023, in response to their violative phone calls he received.

**79.** For example, Plaintiff communicated multiple DNC Requests via text message to Murillas, Richey, and Maser. *See Exhibit C*.

**80.** Plaintiff also communicated multiple DNC Request to USHA and USHG in the form of Emails, and a lawsuit.

**81.** Plaintiff verbally communicated several DNC requests to all Defendants.

**82.** Plaintiff did not consent to any of Defendants' phone calls.

**83.** Defendants do not have a written do-not-call policy.

**84.** Defendants do not train their agents or employees who engaged in telemarketing on the existence and use of any do-not-call list.

**85.** Defendants' conduct violates the TCPA and its implementing regulations, 47 CFR § 64.1200(d)(3) (requiring telemarketers to honor and record DNC requests when made).

**86.** Defendants knew or should have known that their conduct violated the TCPA and its regulations because Defendants operate in a highly regulated telephone solicitation industry.

**87.** Defendants knew or should have known the requirements for making TCPA-compliant telemarketing calls and thus their calls complained of herein violated the TCPA and its regulations.

**88.** Defendants knew or should have known the requirements for making TCPA calls and thus knew or should have known that the unauthorized telemarketing calls a complained of herein violated the TCPA and all of their regulations.

**89.** No emergency necessitated Defendants' calls.

**INJURY, HARM, DAMAGES, and ACTUAL DAMAGES**
**AS A RESULT OF THE CALLS**

**90.** Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

**91.** Defendants' calls harmed Plaintiff by trespassing upon and interfering with his rights and interests in his cellular telephone.

**92.** Defendants' calls harmed Plaintiff by intruding upon his seclusion.

**93.** Plaintiff has been harmed, injured, and damaged by Defendants' calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

**94.** Defendants' calls were to Plaintiff's cellular phone number 407-780-9810 which is Plaintiff's personal phone that he uses for personal, family, and household use.

**95.** Plaintiff maintains no landline phones at his residence and has not done so for at least 15 years and primarily relies on cellular phones to communicate with friends and family.

**96.** Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages.

**97.** Plaintiff further has his cell phones registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## CAUSES OF ACTION:

### COUNT ONE:

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(c))**

**(Against all Defendants)**

**98.** Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

**99.** Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

**100.** Plaintiff was statutorily damaged approximately thirty (30) times under 47 U.S.C. § 227(c)(3)(F) by all Defendants' telemarketing calls described above, in the amount of $500.00 per call.

**101.** Plaintiff was further statutorily damaged because Defendants willfully and/ or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

**102.** Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joshua Cacho prays for judgment against all Defendants joint and severely as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. An award of $1500 per call in statutory damages arising from the CPA 47 U.S.C §227(c) intentional violations against Defendants for 100 calls;

C. An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity; and

D. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

December 10, 2024,

Respectfully

Joshua Cacho

Joshua Cacho
Plaintiff, Pro Se
PO Box 26971
El Paso, Texas 79926
407-780-9810

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO,** a Texas resident,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**USHEALTH ADVISORS, LLC,** a Texas Limited Liability Company, **USHEALTH GROUP, INC**., a Delaware corporation, **UNITEDHEALTHCARE OF TEXAS, INC.**, **ROBERTO CABRERA**, **JOHN MURILLAS**, **JORDAN RICHEY**, **NATHALIA PEREZ**, **BRANDON MARTINEZ**, and **JENNIFER MASER,**<br><br>**Defendants.** | § § § § § § § § § § § § § § § § § § | **Case no. 3:24-cv-00350-LS** |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2024, I caused a true copy of the foregoing, to Defendant USHealth Advisors, LLC via electronic mail to Defendant's counsel Roy Taub at roy.taub@gmlaw.com

December 10, 2024,

Respectfully submitted,

Joshua Cacho

Joshua Cacho
Plaintiff, Pro Se
P.O. Box 26971
El Paso, TX 79926
Jcacho1848@gmail.com
407-780-9810

# EXHIBIT A

Gmail josh cacho <jcacho1848@gmail.com>

# Cacho v. USHA (M.D. Fla.)

**josh cacho** <jcacho1848@gmail.com> Tue, Aug 22, 2023 at 11:31 AM
To: Roy Taub <Roy.Taub@gmlaw.com>

Please see Plaintiff's First Request for Production and Interrogatories for UShealth Advisors, LLC.

On Mon, Aug 21, 2023 at 5:30 PM josh cacho <jcacho1848@gmail.com> wrote:

> Mr. Taub, Please see attached 26f draft.
>
> [Quoted text hidden]

**2 attachments**

**CACHO v USHealth Advisors Discovery .docx**
36K

**CACHO v USHealth Advisors Discovery .pdf**
224K

Gmail josh cacho <jcacho1848@gmail.com>

## Cacho v. USHA

1 message

**Roy Taub** <Roy.Taub@gmlaw.com> Tue, Oct 17, 2023 at 6:00 PM
To: "jcacho1848@gmail.com" <jcacho1848@gmail.com>
Cc: Jeffrey Backman <Jeffrey.Backman@gmlaw.com>, Cheryl Cochran <cheryl.cochran@gmlaw.com>, Mary Torres <Mary.Torres@gmlaw.com>

Josh,

Please see the attached.

Greenspoon Marder LLP 40 CELEBRATING FORTY YEARS TOGETHER

Roy Taub

Greenspoon Marder LLP

Partner

200 East Broward Boulevard, Suite 1800

Fort Lauderdale, FL 33301

Direct Phone Number: (954) 527-6231

Office Phone Number: (954) 491-1120

roy.taub@gmlaw.com

www.gmlaw.com

GREENSPOON MARDER LLP LEGAL NOTICE
The information contained in this transmission may be attorney/client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail.

Unless specifically indicated otherwise, any discussion of tax issues contained in this e-mail, including any attachments, is not, and is not intended to be, "written advice" as defined in Section 10.37 of Treasury Department Circular 230.

A portion of our practice involves the collection of debt and any information you provide will be used for that purpose if we are attempting to collect a debt from you.

---

**2 attachments**

**USHA's Objections and Responses to Plaintiff's First RFPs.pdf**
477K

**USHA's Objections and Responses to Plaintiff's First Set of Interrogatories.pdf**
348K

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA CACHO, Case No. 6.23-CV-737-CEM-EJK

Plaintiff,

v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

Defendants.
_____________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTEROGATORIES**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby serves its Responses to Plaintiff Joshua Cacho's First Set of Interrogatories, deemed under Fed. R. Civ. P. 26(d)(2)(B) to have been served on August 28, 2023, and states as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated by reference into each Response detailed below given objections to certain definitions and instructions, and are being made as General Objections solely on that basis. The following General Objections are made with respect to the Interrogatories (also referred to as "Requests") and the Definitions contained thereto and incorporated in the Requests. The failure to refer specifically to a General Objection shall not be construed as a waiver of that General Objection. In addition, the assertion of the

same, similar or additional objections in response to a specific Request does not waive any General Objection as set forth more fully below.

1. USHA's Responses are made without waiver of, and with preservation of:

a. All questions as to competency, relevancy, materiality, privilege, and admissibility of each Response and the subject matter thereof as evidence for any purpose in any further proceedings in this action, including the trial of this action;

b. The right to object on any ground to the use of any response or the subject matter thereof in any further proceedings in this action, including the trial of this action; and

c. The right to object on any ground at any time to a demand or request for further response, including production of documents or interrogatories, to these or any other discovery proceedings involving or relating to the subject matter of the Requests to which Plaintiffs are responding.

2. USHA objects to the Requests to the extent that they seek information or documents from November 2018 to the present, when Plaintiff filed this lawsuit on April 21, 2023, and the longest applicable statute of limitations is four years, *i.e.*, dating back to April 21, 2019.

3. USHA objects to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege or the

work product doctrine, including pursuant to a common interest or joint defense privilege. If USHA, in response to any Request, inadvertently provides information that Plaintiff believes are or may be the subject of any of the foregoing privileges, such response is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents, or any withheld documents.

4. USHA objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality order.

5. USHA objects to having to prepare a privilege log for documents or information responsive to these Requests that are protected from production by the attorney-client privilege or attorney work product doctrine that are relating to this lawsuit and post-date the commencement of this lawsuit, as the privileged nature of such documents are obvious and indisputable and requiring the preparation of a privilege log of such obviously privileged documents would be plainly unnecessary and impose unnecessary and undue burdens and expense upon USHA for no good reason.

**RESPONSES**

**INTERROGATORY NO. 1:** Identify all federal and state lawsuits in which USHealth Advisors, LLC was named as a defendant and the Plaintiff alleged

violations of the Telephone Consumer Protection Act (TCPA) or any of the TCPA implementing regulations, or the plaintiff accused USHealth Advisors, LLC of violating a state consumer protection law.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case. Information about any lawsuits filed against USHA for alleged violation of the TCPA or *any* state consumer protection law presents an unacceptably overbroad scope. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request seeks information about lawsuits filed against USHA by persons other than Plaintiff regarding conduct that does not involve him and even extends to claims brought under statutes that have no application to him (other states' consumer protection laws) and therefore is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and

the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Large companies are sued or threatened with lawsuits or alleged violations of law all the time; that is not relevant or probative to nor likely to make any fact of consequence in this lawsuit more or less likely to be true, a well-recognized fact rendering this requested discovery irrelevant, not probative, and disproportional to the needs of the case. *Accord* Fed. R. Evid. 404(a). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – especially accusations by others about conduct that has no connection to Plaintiff – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 2:** Identify all complaints received from November 2018 to the present in which Defendant was accused of violating the

Telephone Consumer Protection Act, any of the TCPA implementing regulations, or any State consumer protection law.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case. Information about any complaints in which USHA was accused of violating the TCPA or *any* state consumer protection law presents an unacceptably overbroad scope. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request seeks information about complaints made against USHA by persons other than Plaintiff regarding conduct that does not involve him and even extends to allegations of violations of statutes that have no application to him (other states' consumer protection laws) and therefore is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad

and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Large companies are sued or threatened with lawsuits or alleged violations of law all the time; that is not relevant or probative to nor likely to make any fact of consequence in this lawsuit more or less likely to be true, a well-recognized fact rendering this requested discovery irrelevant, not probative, and disproportional to the needs of the case. *Accord* Fed. R. Evid. 404(a). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – especially accusations by others about conduct that has no connection to Plaintiff – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 3:** Identify any person or company that made outbound solicitation phone calls on behalf of USHealth Advisors, LLC from November 2018 to the present.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The identity of persons or companies that made outbound solicitation phone calls "on behalf of" USHA, without any connection to Plaintiff in general, and particularly when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: information available to USHA shows that the several independently contracted licensed insurance advisors made telephone calls or sent text messages to Plaintiff regarding USHA. These persons are: Roberto Cabrera, Brandon Martinez, Jennifer Maser, John Murillas, Nathalia Perez, and Jordan Richey. Mr. Martinez, Ms. Maser, Ms. Perez, and Mr. Richey can be contacted through counsel for USHA. Mr. Cabrera's contact information is: 240 North Miami Avenue, Miami, FL 33128, (201) 956-0229, robert1cabrera@gmail.com. Mr. Murillas's contact information is: 9905 Shadow Creek Dr., Orlando, FL 32832, (407) 683-4084, john.murillas@yahoo.com.

**INTERROGATORY NO. 4:** Identify any company USHealth Advisors, LLC entered into a contractual agreement with to make outbound solicitation phone calls.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is

disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The identity of any company with which USHA entered into a contractual agreement to make outbound solicitation phone calls, without any connection to Plaintiff in general, and especially without any date limitation, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the

needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 5:** Identify the dates of any TCPA compliance training conducted by USHealth Advisors, LLC, or any company that made outbound solicitation phone calls on behalf of USHealth Advisors, LLC, from November 2018 to the present.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The identity of the dates of any TCPA compliance training conducted by USHA or any company that

made outbound solicitation phone calls on behalf of USHA, without any connection to Plaintiff in general, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). USHA routinely provides independent insurance advisors with training and information relating to compliance with the TCPA and all applicable regulations – to require it to identify every such instance since November 2018 serves no point as it would be irrelevant to this case and unduly burdensome. This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 6:** Identify each company to whom Defendant made a payment earned as a result of solicitation phone calls made on behalf of Defendant.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, seeks private and confidential business information, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The identity of each company to whom USHA made a payment earned as a result of solicitation phone calls made on behalf of USHA, without any connection to Plaintiff, and especially when there is no date limitation, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more

than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents or information from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents or information shall be produced in the absence of a confidentiality agreement.

**INTERROGATORY NO. 7:** Identify all platforms used to communicate with all companies that have made outbound telemarketing phone calls on behalf of Defendant from November 2018 to the present. For example, Whatsapp, phone, email, Linkedin, Instagram, Facebook, Telegram, or any other method in which communication occurred.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, seeks private and confidential business information, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of

USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The identity of platforms used to communicate with companies that have made outbound telemarketing phone calls on behalf of USHA, without any connection to Plaintiff, including from back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents or information from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents contain confidential, proprietary, competitively-sensitive, or trade secret information, and

no such documents or information shall be produced in the absence of a confidentiality agreement.

**INTERROGATORY NO. 8:** Identify by name and country of origin all companies that made outbound solicitation phone calls on behalf of Defendant.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The identity of and country of origin all companies that made outbound solicitation phone calls on behalf of USHA, without any connection to Plaintiff in general, and especially without any date limitation, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this

case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 9:** Identify how much money you have paid as a result of settlements in which USHealth Advisors, LLC was accused of violating the Telephone Consumer Protection Act or any of the implementing regulations of the Telephone Consumer Protection Act.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case. Information about any moneys paid in settlements by USHA for any alleged violations of the TCPA presents an unacceptably overbroad scope. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March

2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Information about settlement payments by USHA concerns persons other than Plaintiff and conduct that does not involve him and therefore is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Large companies are sued or threatened with lawsuits or alleged violations of law all the time; that is not relevant or probative to nor likely to make any fact of consequence in this lawsuit more or less likely to be true, a well-recognized fact rendering this requested discovery irrelevant, not probative, and disproportional to the needs of the case. *Accord* Fed. R. Evid. 404(a). Moreover, such information is also protected by confidentiality agreements and would require USHA to advise the counterparties before disclosure, a burdensome task for which there is no need given the plain irrelevance of the requested information. This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time,

each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – especially accusations by others about conduct that has no connection to Plaintiff – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 10:** State by year how many outbound solicitation phone calls were made by USHealth Advisors, LLC, or by an entity that makes referrals to USHealth Advisors, LLC, from 2018 to the present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages

and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Information about the number of outbound solicitation phone calls made by USHA or an entity that makes referrals to USHA, nearly none of which have anything to do with Plaintiff, are irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 11:** State the name, title, address, phone number, and email address of the person responsible for Telephone Consumer Protection Act compliance.

**RESPONSE:** A number of USHA personnel are involved in and responsible for compliance with the TCPA. To the extent USHA is required to identify a person, it states the following: Dean Whaley, Vice President, Financial Planning and Analysis for USHA. Mr. Whaley can be contacted through counsel for USHA.

**INTERROGATORY NO. 12:** State the name, title, address, phone number, and email address of each person who viewed my Complaint, emails, spoke with me on the phone, or spoke to an internal company source about me or my Complaint from November 2018 to the present.

**RESPONSE:** USHA objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, attorney work product doctrine, and any other privilege from discovery. The identity of any person who viewed Plaintiff's Complaint and/or was involved in counsel's investigation as a result thereof is protected from discovery under these privileges and doctrines.

Subject to and as limited by the foregoing objections, USHA responds as follows: Plaintiff spoke with Robert Cabrera and Jennifer Maser. Ms. Maser can be contacted through counsel for USHA. Mr. Cabrera's contact information is: 240 North Miami Avenue, Miami, FL 33128, (201) 956-0229, robert1cabrera@gmail.com.

**INTERROGATORY NO. 13:** State the name, title, address, phone number, and email address of each person or company that made outbound solicitation phone calls on behalf of USHealth Advisors, LLC, or referred potential clients, to USHealth Advisors, LLC, from November 2018 to the present.

**RESPONSE:** USHA objects to the Request on the grounds that it is duplicative of Interrogatory Nos. 3, 4, and 8, and incorporates by reference the objections thereto as if stated in full herein.

USHA further objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The identity of persons or companies that made outbound solicitation phone calls "on behalf of" USHA (or referred potential clients), without any connection to Plaintiff in general, and particularly when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a

subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 14:** Please list any disciplinary action that may have been taken against USHealth Advisors, LLC by any federal, state, or local agency, organization, or other governmental body within the last ten (10) years.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case. Information about any disciplinary action that may have been taken against USHA by any governmental body for any possible reason – three random examples are non-payment of

registration fees, workers' compensation issues, and failure to comply with environmental standards – within the last ten years presents an unacceptably overbroad scope. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request seeks information about governmental disciplinary actions against USHA by any conceivable government entity in the country for any possible reason in the last years has nothing to do with Plaintiff or his claims and therefore is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages.

Discovery about anything beyond that is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 15:** State the name, title, address, phone number and email address of each person responsible for maintaining USHealth Advisors, LLC's internal do not call list and internal do not call policy from 1991 to the present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks information or documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations. USHA further objects to this request on the grounds that it is vague and ambiguous as to the meaning of the term "maintaining" an "internal do not call policy," and requires clarification before being able to respond.

Subject to and as limited by USHA's foregoing objections, USHA responds as follows: USHA's internal do not call list has at all relevant times been

maintained by Larry Wilford, Data Analyst for USHEALTH Administrators, LLC. Mr. Wilford can be contacted through counsel for USHA.

**INTERROGATORY NO. 16:** Identify each and every written or oral Communication received or sent by USHealth Advisors, LLC or any of USHealth Advisors, LLC's representatives concerning the subject matter of this Litigation and for each and every written Communication, annex hereto a copy of the Communication, and for each and every oral Communication, set forth the substance of the Communication, the Persons participating, and the date(s) of the Communication.

**RESPONSE:** USHA objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, attorney work product doctrine, and any other privilege from discovery. The identity of any person who communicated concerning the subject matter of this litigation and thus was involved in counsel's investigation as a result thereof is protected from discovery under these privileges and doctrines.

USHA further objects to this Request to the extent that it seeks the production of documents, which is not within the scope of an interrogatory.

USHA further objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the meaning of "representatives" in connection with USHA. Independently contracted licensed insurance advisors are not representatives of USHA.

USHA further objects to the production or disclosure of any confidential, proprietary, competitively-sensitive, or trade secret information, and no such information shall be disclosed in the absence of a confidentiality agreement.

**INTERROGATORY NO. 17:** Has any Document or other tangible thing identified in response to these Interrogatories or which has been requested to be produced in any Requests for the Production of Documents been shredded, discarded, destroyed, otherwise lost or not retained? If so, identify those Documents or tangible things in accordance with the instructions set forth above.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case to the extent it does not take into account USHA's objections and limitations to the referenced Interrogatories and Requests for the Production of Documents, which are incorporated by reference as if stated in full herein.

Subject to and as limited by the foregoing objections, USHA responds as follows: to USHA's knowledge, no documents or other tangible thing identified in response to the interrogatories or which has been requested to be produced in any request for the production of documents, subject to and as limited by USHA's objections to the respective discovery requests, have been shredded, discarded, destroyed, otherwise lost or not retained.

Dated: October 17, 2023

Respectfully submitted,

GREENSPOON MARDER LLP

*/s/ Roy Taub*
Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 17, 2023, a true and correct copy of the foregoing was served on all counsel of record and *Pro* Se Plaintiff via by e-mail

*/s/ Roy Taub*
ROY TAUB

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA CACHO, Case No. 6.23-CV-737-CEM-EJK

Plaintiff,
v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

Defendants.
______________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S OBJECTIONS AND <u>RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION</u>**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby serves its Responses to Plaintiff Joshua Cacho's First Requests for Production, deemed under Fed. R. Civ. P. 26(d)(2)(B) to have been served on August 28, 2023, and states as follows:

## <u>GENERAL OBJECTIONS</u>

The following General Objections apply to and are incorporated by reference into each Response detailed below given objections to certain definitions and instructions, and are being made as General Objections solely on that basis. The following General Objections are made with respect to the Interrogatories (also referred to as "Requests") and the Definitions contained thereto and incorporated in the Requests. The failure to refer specifically to a General Objection shall not be construed as a waiver of that General Objection. In addition, the assertion of the

same, similar or additional objections in response to a specific Request does not waive any General Objection as set forth more fully below.

1. USHA's Responses are made without waiver of, and with preservation of:

   a. All questions as to competency, relevancy, materiality, privilege, and admissibility of each Response and the subject matter thereof as evidence for any purpose in any further proceedings in this action, including the trial of this action;

   b. The right to object on any ground to the use of any response or the subject matter thereof in any further proceedings in this action, including the trial of this action; and

   c. The right to object on any ground at any time to a demand or request for further response, including production of documents or interrogatories, to these or any other discovery proceedings involving or relating to the subject matter of the Requests to which Plaintiffs are responding.

2. USHA objects to the Requests to the extent that they seek information or documents from November 2018 to the present, when Plaintiff filed this lawsuit on April 21, 2023, and the longest applicable statute of limitations is four years, *i.e.*, dating back to April 21, 2019.

3. USHA objects to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege or the

work product doctrine, including pursuant to a common interest or joint defense privilege. If USHA, in response to any Request, inadvertently provides information that Plaintiff believes are or may be the subject of any of the foregoing privileges, such response is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents, or any withheld documents.

4. USHA objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality order.

5. USHA objects to having to prepare a privilege log for documents or information responsive to these Requests that are protected from production by the attorney-client privilege or attorney work product doctrine that are relating to this lawsuit and post-date the commencement of this lawsuit, as the privileged nature of such documents are obvious and indisputable and requiring the preparation of a privilege log of such obviously privileged documents would be plainly unnecessary and impose unnecessary and undue burdens and expense upon USHA for no good reason.

**RESPONSES**

**REQUEST 1:** Produce all invoices, bills, or other billing materials related to the payment of services for outbound telemarketing from November 2018 to the

present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent that it requests "all invoices, bills, or other billing materials," as opposed to invoices, bills, or other billing materials responsive to this Request, subject to and as limited by any objections thereto, that are located in USHA's custody, control, or possession following an investigation that is reasonable under the circumstances. Considering the herculean and unduly burdensome effort to uncover each and every responsive document, which effectively would require USHA to review every document in its possession, "all invoices, bills, or other billing materials" are not necessary given the permissible scope of discovery as defined by Plaintiff's asserted claims. USHA will conduct a search for invoices, bills, or other billing materials responsive to the Request subject to and as limited by any objections that is reasonable under the circumstances.

USHA further objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors).

Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for billing materials related to the payment of services for outbound telemarketing, in general, and particularly when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Given the exceeding overbreadth of this request, non-privileged documents are being withheld based on these objections.

**REQUEST 2:** Produce all contracts with any companies that made outbound solicitation phone calls from November 2018 to the present in which the products or services of USHealth Advisors, LLC were solicited.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for all contracts with any companies that made outbound solicitation phone calls in which the products or services of USHealth Advisors, LLC were solicited, in general, and particularly when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by

definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Given the exceeding overbreadth of this request, non-privileged documents are being withheld based on these objections.

**REQUEST 3:** Produce all outbound and inbound call records from November 2018 to the present.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March

2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for all call records, ***for calls of any purpose apparently, and even inbound calls***, in general, and even more so when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). USHA does not place telephone calls or text messages, and therefore the records are not calls by USHA, but USHA has access to certain records, nearly all of which have nothing to do with Plaintiff's claims as framed by his pleadings. This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – certainly about calls to ***and from*** others in the last nearly five years – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Subject to and as limited by the foregoing general and specific objections, USHA will produce outbound and inbound call records from April 21, 2019 to the present relating to Plaintiff that are found to be in its custody, control, or possession following a reasonable search. Given the exceeding overbreadth of this request, non-privileged documents are being withheld based on these objections.

**REQUEST 4:** Produce a copy of all state telephone solicitation registrations. "State registrations" is defined as any registration with any of the several states that allows USHealth Advisors, LLC to make solicitation phone calls that comply with state law.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March

2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for all state telephone solicitation registrations is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Plaintiff has no allegations or claims regarding registration or failure to register, nor is there anything in the operative complaint that could possibly make registration otherwise relevant, with or without any geographic or temporal limitation (yet another reason the request is overbroad, unduly burdensome, and disproportional to the needs of the case). Moreover, USHA does not place telephone calls or text messages, and therefore it is unclear if it would even need to make a registration of this nature. This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages, and makes no allegations about registration or

non-registration by USHA. The requested discovery, apparently as to every state and without any time limitation, is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

It is unclear to USHA if non-privileged documents are being withheld based on these objections.

**REQUEST 5:** Produce all bank statements and canceled checks from November 2018 to the present.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, seeks private and confidential business information, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating

to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for ***all*** of USHA's bank statements and canceled checks, ***regardless of what the accounts or checks were used for***, and even more so when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Discovery about USHA's bank accounts, bank statements, and canceled checks – which would mean every check USHA ever issued to any person for anything – has nothing to do with this lawsuit and is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Non-privileged documents are being withheld based on these objections.

**REQUEST 6:** Produce statements from any money transfer accounts used by Defendants to make payments to vendors. Money transfer accounts are defined as, but not limited to, Veem, Money Gram, Western Union, Paypal, Zelle, Venmo, and any other method in which money is transferred from one person to another.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, seeks private and confidential business information, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for ***all*** of USHA's statements from any money transfer

accounts used to make payments to vendors, ***regardless of what the accounts or checks were used for***, and even more so when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages from two non-vendors in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Discovery about USHA's statements from any money transfer accounts used to make payments to vendors has nothing to do with this lawsuit and is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Non-privileged documents are being withheld based on these objections.

**REQUEST 7:** Produce all statements of cash flows, income statements, and

balance sheets from November 2018 to the present.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, seeks private and confidential business information, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for ***all*** of USHA's statements of cash flows, income statements, and balance sheets, and even more so when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages from two non-vendors in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022

and no later than March 2, 2023. Discovery about USHA's financial statements or about its finances in general has nothing to do with this lawsuit and is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Non-privileged documents are being withheld based on these objections.

**REQUEST 8:** Produce a copy of all telephone solicitation scripts used by USHealth Advisors, LLC or any company that made outbound solicitation phone calls on behalf of USHealth Advisors, LLC from November 2018 to the present. This includes all drafts of such scripts.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and

Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for all telephone solicitation scripts used by USHA or any company that made outbound solicitation phone calls on behalf of USHA, in general, and particularly when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Moreover, USHA does not place telephone calls or text messages. This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages, and zero telephone calls, further undercutting the relevance of any scripts, let alone all scripts used since November 2018.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the

needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Given the exceeding overbreadth of this request, non-privileged documents are being withheld based on these objections.

**REQUEST 9:** Please produce any and all statements, written or recorded, including drafts, obtained or prepared, concerning, referring to, or relating to the Telephone Consumer Protection Act or the TCPA implementing regulations.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent that it requests "any and all statements," as opposed to statements/documents responsive to this Request, subject to and as limited by any objections thereto, that are located in USHA's custody, control, or possession following an investigation that is reasonable under the circumstances. Considering the herculean and unduly burdensome effort to uncover each and every responsive document, which effectively would require USHA to review every statement in its possession, "any and all statements" are not necessary given the permissible scope of discovery as defined by Plaintiff's asserted claims. USHA will conduct a search for statements/documents responsive to the

Request subject to and as limited by any objections that is reasonable under the circumstances.

USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. It is entirely unclear what it means for something to be a "statement . . . relating to the [TCPA] or the TCPA implementing regulations" other than literally any statement about the TCPA or its regulations, which would be so broad as to include any contract that contains a provision that all laws must be obeyed, e-mails regarding any aspect of the TCPA, including privileged communications with counsel regarding TCPA matters, and any and all training and compliance materials. That is an unacceptably overbroad scope. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for all statements relating to the TCPA or the TCPA implementing regulations is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the

scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – especially something as broad as effectively any document that has anything to do with the TCPA – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Given the exceeding overbreadth of this request, non-privileged documents are being withheld based on these objections.

**REQUEST 10:** Please produce any email in which the Telephone Consumer Protection Act, any Telephone Consumer Protection Act implementing regulations, or any subsection of the TCPA is referenced or mentioned.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent that it requests "any email," as opposed to emails responsive to this Request, subject to and as limited by any objections thereto, that are located in USHA's custody, control, or possession following an investigation that is reasonable under the circumstances. Considering the herculean and unduly burdensome effort to uncover each and every responsive e-mail, which effectively would require USHA to review every e-mail in its possession, "any email" is not necessary given the permissible scope of discovery as defined by Plaintiff's asserted claims. USHA will conduct a search for emails responsive to the Request subject to and as limited by any objections that is reasonable under the circumstances.

USHA further objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case. The request for any e-mail in which the TCPA or its regulations is referenced or mentioned, without any date restriction or any connection to Plaintiff or his asserted claims whatsoever, presents an unacceptably overbroad scope. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these

specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request effectively seeks every email that USHA has regarding the TCPA and therefore is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – especially something as broad as effectively any e-mail that has anything to do with the TCPA – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and

no such documents shall be produced in the absence of a confidentiality agreement.

Given the exceeding overbreadth of this request, non-privileged documents are being withheld based on these objections.

**REQUEST 11:** Produce a copy of each call list, spreadsheet, database, or any method used to make outbound solicitation phone calls from November 2018 to the present.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for each call list, spreadsheet, database, or any method used to make outbound solicitation phone calls, in general, and even more so when going back to November 2018 to the present, is irrelevant and wholly inappropriate as a subject

of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Moreover, USHA does not place telephone calls or text messages. This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – certainly about databases or anything else involving calls to or from persons other than Plaintiff, especially in the last nearly five years – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Given the exceeding overbreadth of this request, non-privileged documents are being withheld based on these objections.

**REQUEST 12:** Produce a copy of all checks and/or wire transfers that were

used to pay for telemarketing services.

**RESPONSE:** USHA objects to the Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, seeks private and confidential business information, harassing, and is disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). The request for copies of all checks and/or wire transfers that were used to pay for "telemarketing services," whatever that means, even before considering the lack of any date limitation, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Moreover, it is unclear what qualifies as a "telemarketing service." Does this include do-not-call scrubbing? Telephone service? Other logistical or infrastructure operations? USHA is unable to respond in the absence of

clarification. This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages from two non-vendors in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – certainly about checks or wire transfers for telemarketing services – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Non-privileged documents are being withheld based on these objections.

**REQUEST 13:** Produce a copy of each communication in which USHealth Advisors, LLC is accused of violating the Telephone Consumer Protection Act or any of implementing regulations of the Telephone Consumer Protection Act.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent that it requests "each communication," as opposed to communications responsive to this Request,

subject to and as limited by any objections thereto, that are located in USHA's custody, control, or possession following an investigation that is reasonable under the circumstances. Considering the herculean and unduly burdensome effort to uncover each and every responsive communication, which effectively would require USHA to review every communication in its possession, "each communication" is not necessary given the permissible scope of discovery as defined by Plaintiff's asserted claims. USHA will conduct a search for communications responsive to the Request subject to and as limited by any objections that is reasonable under the circumstances.

USHA further objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case. The request for any communication in which USHA is accused of violating the TCPA, without any date restriction or any connection to Plaintiff or his asserted claims whatsoever, presents an unacceptably overbroad scope. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it

would have no bearing on any matter of relevance to this case). This request seeks information about accusations made against USHA by persons other than Plaintiff and effectively seeks every instance in which someone accused USHA of violating the TCPA and therefore is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). Large companies are sued or threatened with lawsuits or alleged violations of law all the time; that is not relevant or probative to nor likely to make any fact of consequence in this lawsuit more or less likely to be true, a well-recognized fact rendering this requested discovery irrelevant, not probative, and disproportional to the needs of the case. *Accord* Fed. R. Evid. 404(a). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – especially accusations by others about conduct that has no connection to Plaintiff – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Given the exceeding overbreadth of this request, non-privileged documents are being withheld based on these objections.

**REQUEST 14:** Produce all meeting notes, minutes, meeting agendas, audio recordings, and video recordings of meetings in which the Telephone Consumer Protection Act or the implementing regulations of the Telephone Consumer Protection Act are mentioned or are a topic of discussion.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent that it requests "*all* meeting notes, minutes, meeting agendas, audio recordings, and video recordings," as opposed to those specific types of documents responsive to this Request, subject to and as limited by any objections thereto, that are located in USHA's custody, control, or possession following an investigation that is reasonable under the circumstances. Considering the herculean and unduly burdensome effort to uncover each and every responsive item, which effectively would require USHA to review meeting note, minute, meeting agenda, audio recording, and video recording of a meeting in its possession, "all" such documents are not necessary given the permissible scope of discovery as defined by Plaintiff's

asserted claims. USHA will conduct a search for the specific types of documents at issue responsive to the Request subject to and as limited by any objections that is reasonable under the circumstances.

USHA further objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case. The request for all meeting notes, minutes, meeting agendas, audio recordings, and video recordings of meetings in which the TCPA was mentioned, without any date restriction or any connection to Plaintiff or his asserted claims whatsoever, presents an unacceptably overbroad scope. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request effectively seeks every document or recording regarding any meeting at USHA in its entire existence where the TPCA was mentioned and therefore is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by

definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages. Discovery about anything beyond that – especially something as broad as effectively all documents and recordings regarding any meeting, involving any persons and at any time, where the TCPA was mentioned – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Non-privileged documents are being withheld based on these objections.

**REQUEST 15:** Produce copies of all messages from social media platforms in which the Telephone Consumer Protection Act or the implementing regulations of the Telephone Consumer Protection Act are mentioned from November 2018 to the present. Social media platforms is defined as, but not limited to, Linkedin,

Instagram, Facebook, Twitter (now called X), WhatsApp, Telegram, Microsoft Teams, Skype, or any media platform used to transmit messages other than email, mail, fax, and or telephone.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the Request on the grounds that it is overly broad, unduly burdensome, and disproportional to the needs of the case to the extent that it requests "*all* messages from social media platforms," as opposed to messages responsive to this Request, subject to and as limited by any objections thereto, that are located in USHA's custody, control, or possession following an investigation that is reasonable under the circumstances. The request is also vague and ambiguous with respect to the term "social media platform," which apparently is also defined to include internal messaging platforms (such as Microsoft Teams), an ambiguity that further compounds the overbreadth in this request, as it seeks to have USHA search, review, and produce internal chat messages. Considering the herculean and unduly burdensome effort to uncover each and every responsive message, which effectively would require USHA to review every such message in its possession, custody, or control, "all" such messages are not necessary given the permissible scope of discovery as defined by Plaintiff's asserted claims. USHA will conduct a search for the specific types of documents at issue responsive to the Request subject to and as limited by any objections that is reasonable under the circumstances.

USHA further objects to the Request on the grounds that it is overbroad,

unduly burdensome, harassing, and disproportional to the needs of the case. The request for all messages from social media platforms in which the TCPA was mentioned, without any connection to Plaintiff or his asserted claims whatsoever, presents an unacceptably overbroad scope. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request effectively seeks every message posted by USHA on social media or in messaging programs where the TPCA was mentioned and therefore is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text

messages. Discovery about anything beyond that – especially something as broad as any message or post where the TCPA was mentioned – is plainly inappropriate.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Given the overbreadth of this request, USHA believes that non-privileged documents are being withheld based on these objections.

**REQUEST 15:** Produce the company directory of officers and employees. This should include every iteration and version of the company directory from November 2018 to present.

**RESPONSE:** In addition to the foregoing general objections, USHA further objects to the Request on the grounds that it is overbroad, unduly burdensome, harassing, and disproportional to the needs of the case. Plaintiff's claims against USHA are limited to text messages alleged to have been sent to him from June 24, 2022 to July 8, 2022, August 2, 2022 to August 15, 2022, and February 25, 2023 to March 2, 2023 by two purported representatives of USHA, Brandon Martinez and Jennifer Maser (who in fact are independently contracted

licensed insurance advisors, not vendors). Any discovery not relating to these specific text messages and alleged senders is not relevant to Plaintiff's claim as framed by his pleading, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request seeks every iteration of company directories of USHA officers and employees since November 2018, without any connection to Plaintiff or his asserted claims whatsoever, and presents an unacceptably overbroad scope, is irrelevant and wholly inappropriate as a subject of discovery, unduly expands the scope of discovery and the attendant burdens upon USHA in responding, and is by definition overbroad and disproportional to the needs of the case (as it would have no bearing on any matter of relevance to this case). This request is nothing more than a harassing fishing expedition – for information about further targets for harassment – when Plaintiff's claims concern a few alleged text messages in three periods of time, each lasting a couple of weeks no earlier than June 24, 2022 and no later than March 2, 2023. Plaintiff identifies twenty-one alleged text messages allegedly sent to him by **non-employees** of USHA. Discovery about anything beyond that is plainly inappropriate. Plaintiff has not alleged any specific act by any officer or employee of USHA, and certainly no basis for making any company directory, let alone all of them for the least nearly five years, relevant and appropriate subjects of discovery.

USHA further objects to this request on the grounds that it is overbroad, unduly burdensome, seeks irrelevant information, and is disproportional to the needs of the case to the extent it seeks documents from before April 21, 2019, as Plaintiff's claims have a four-year statute of limitations.

USHA further objects to the production of any documents that contain confidential, proprietary, competitively-sensitive, or trade secret information, and no such documents shall be produced in the absence of a confidentiality agreement.

Given the overbreadth of this request, USHA believes that non-privileged documents are being withheld based on these objections.

Dated: October 17, 2023

GREENSPOON MARDER LLP

*/s/ Roy Taub*

Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 17, 2023, a true and correct copy of the foregoing was served on all counsel of record and *Pro* Se Plaintiff by e-mail at jcacho1848@gmail.com.

*/s/ Roy Taub*
ROY TAUB

# EXHIBIT B

Gmail

josh cacho <jcacho1848@gmail.com>

# Cacho v. USHA

**josh cacho** <jcacho1848@gmail.com> Tue, Jan 16, 2024 at 2:34 PM
To: Roy Taub <Roy.Taub@gmlaw.com>, "jeffrey.backman@gmlaw.com" <jeffrey.backman@gmlaw.com>

Please see attached Plaintiffs 2nd set of Combined Discovery Requests for UShealth Advisors, LLC.
[Quoted text hidden]

**3 attachments**

**Cacho_v_USHealth_Advisors_LLC_2nd_Set_of_Combined_Discovery_Requests.docx**
59K

**Exhibits for USHA 2nd set of Combined Discovery Requests.pdf**
1591K

**Cacho_v_USHealth_Advisors_LLC_2nd_Set_of_Combined_Discovery_Requests.pdf**
1960K

Gmail josh cacho <jcacho1848@gmail.com>

## Cacho v. USHA/USHG

**Roy Taub** <Roy.Taub@gmlaw.com> Thu, Feb 15, 2024 at 3:00 PM
To: "jcacho1848@gmail.com" <jcacho1848@gmail.com>
Cc: Cheryl Cochran <cheryl.cochran@gmlaw.com>

Josh,

Please see the attached. I am also attaching the proposed confidentiality agreement. Let me know if you have any comments.

GreenspoonMarder LLP 40
CELEBRATING FORTY YEARS TOGETHER

Roy Taub

Greenspoon Marder LLP

Partner

200 East Broward Boulevard, Suite 1800

Fort Lauderdale, FL 33301

Direct Phone Number: (954) 527-6231

Office Phone Number: (954) 491-1120

roy.taub@gmlaw.com

www.gmlaw.com

GREENSPOON MARDER LLP LEGAL NOTICE
The information contained in this transmission may be attorney/client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail.

Unless specifically indicated otherwise, any discussion of tax issues contained in this e-mail, including any attachments, is not, and is not intended to be, "written advice" as defined in Section 10.37 of Treasury Department Circular 230.

A portion of our practice involves the collection of debt and any information you provide will be used for that purpose if we are attempting to collect a debt from you.

---

**4 attachments**

**USHA's Objs and Resps to First Set of RFAs.pdf**
354K

**USHA's Objs and Resps to Second Set of Interrogatories.pdf**
290K

**USHA's Objs and Resps to Second Set of RFPs.pdf**
301K

**Cacho v. USHA - Proposed Confidentiality Agreement(56855129.4).docx**
30K

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA CACHO, **CASE NO.:** 6:23-cv-737-CEM-EJK

Plaintiff,

v.

USHEALTH ADVISORS, LLC et al,

Defendants.
______________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF JOSHUA CACHO'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby serves its Objections and Responses to Plaintiff Joshua Cacho's First Set of Requests for Admission, served on January 16, 2024.

**GENERAL OBJECTIONS AND OBJECTIONS TO INSTRUCTIONS**

The following General Objections apply to and are incorporated by reference into each Response detailed below given objections to certain instructions and are being made as General Objections solely on that basis. The following General Objections are made with respect to the Requests for Admission ("RFA") and the Instructions contained thereto and incorporated in the RFAs. The failure to refer specifically to a General Objection shall not be construed as a waiver of that General Objection. In addition, the assertion of the same, similar or

additional objections in response to a specific RFA does not waive any General Objection as set forth more fully below.

1. USHA's Responses are made without waiver of, and with preservation of:

a. All questions as to competency, relevancy, materiality, privilege, and admissibility of each Response and the subject matter thereof as evidence for any purpose in any further proceedings in this action, including the trial of this action;

b. The right to object on any ground to the use of any response or the subject matter thereof in any further proceedings in this action, including the trial of this action; and

c. The right to object on any ground at any time to a demand or request for further response, including production of documents or interrogatories, to these or any other discovery proceedings involving or relating to the subject matter of the RFAs to which Plaintiffs are responding.

2. USHA objects to the RFAs to the extent that they seek information or documents protected from disclosure by the attorney-client privilege or the work product doctrine, including pursuant to a common interest or joint defense privilege. If USHA, in response to any RFA, inadvertently provides information that Plaintiff believes are or may be the subject of any of the foregoing privileges, such response is not intended to be, nor shall it be deemed to be, a

waiver of objections with respect to such information, documents, or any withheld documents.

3. USHA objects to each request to the extent it seeks admissions to information not within the custody, control, or possession of USHA, or that are more readily or uniquely obtainable from third parties.

4. USHA objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality agreement or order.

5. USHA objects to Instruction No. 4 on the grounds that it is overbroad and fails to limit the specific requests. As presently stated, Instruction No. 4 attempts to extend the scope of Plaintiff's specific document requests to all other documents known to USHA that contain information relevant to the request. USHA will not produce documents that are not specifically requested, as the alternative would require speculation on the part of USHA. As such, Instruction No. 4 is overbroad and must be properly limited. USHA will address the specific requests.

## SPECIFIC OBJECTIONS AND RESPONSES

1. Admit USHealth Advisors, LLC is a wholly-owned subsidiary of USHealth Group, Inc.

**RESPONSE:** Admitted.

2. Admit USHA sells individual health insurance plans and supplementary products underwritten by Freedom Life Insurance Company of America.

**RESPONSE:** Admitted.

3. Admit Exhibit A attached to this RFA is a true and correct copy of the "Our Advisors" section of the webpage https://ushealthgroup.com/about/.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date of the "Our Advisors" section of the webpage and whether Exhibit A is a true and correct copy of that section of the identified webpage. As this RFA does not request a specific date or date range, USHA is unable to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA.

4. Admit Exhibit B attached to this RFA is a true copy of the registered trademark #3346463, serial number 78580794 filed with the United States Patent and Trademark Office.

**RESPONSE:** Admitted.

5. Admit USHealth Group, Inc. is the owner of the registered trademark #3346463, serial number 78580794.

**RESPONSE:** Admitted.

6. Admit registered trademark #3346463, serial number 78580794 appears on the webpage https://www.ushagent.com/BrandonMartinez.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date of the identified webpage for purposes of this RFA. As this RFA does not request a specific date or date range, USHA is unable to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA.

7. Admit registered trademark #3346463, serial number 78580794 appears on the webpage https://www.ushagent.com/JenniferMaser.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date of the identified webpage for purposes of this RFA. As this RFA does not request a specific date or date range, USHA is unable to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA.

8. Admit registered trademark #3346463, serial number 78580794 appears on the webpage https://www.ushagent.com/NathaliaPerez.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date

of the identified webpage for purposes of this RFA. As this RFA does not request a specific date or date range, USHA is unable to and lacks information sufficient to be able to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA.

9. Admit USHealth Group Inc. owns webpage https://www.ushagent.com/BrandonMartinez.

**RESPONSE:** Admitted.

10. Admit USHealth Group Inc. owns webpage https://www.ushagent.com/JenniferMaser.

**RESPONSE:** Admitted.

11. Admit USHealth Group Inc. owns webpage https://www.ushagent.com/NathaliaPerez.

**RESPONSE:** Admitted.

12. Admit webpage https://www.ushagent.com/BrandonMartinez is used to market insurance products issued by Freedom Life Insurance Company of America, National Life Insurance Company, and Enterprise Life Insurance Company.

**RESPONSE:** Denied

13. Admit Freedom Life Insurance Company of America, National Life Insurance Company, and Enterprise Life Insurance Company are all wholly owned subsidiaries of USHealth Group Inc.

**RESPONSE:** Denied

14. Admit webpage https://www.ushagent.com/JenniferMaser is used to market insurance products issued by Freedom Life Insurance Company of America, National Life Insurance Company, and Enterprise Life Insurance Company.

**RESPONSE:** Denied

15. Admit webpage https://www.ushagent.com/NathaliaPerez is used to market insurance products issued by Freedom Life Insurance Company of America, National Life Insurance Company, and Enterprise Life Insurance Company.

**RESPONSE:** Denied

16. Admit Brandon Martinez uses USHealth Group, Inc.'s name, image, and likeness to market insurance on the webpage https://www.ushagent.com/BrandonMartinez.

**RESPONSE:** In addition to the foregoing General Objections, USHA objects to this RFA to the extent that it seeks information from a third party and information not within the custody, control, or possession of USHA. USHA is unable to answer this RFA directed at another person's state of mind, and therefore lacks information sufficient to enable it to either admit or deny this RFA.

17. Admit Jennifer Maser uses USHealth Group, Inc.'s name, image, and likeness to market insurance on the webpage https://www.ushagent.com/JenniferMaser.

**<u>RESPONSE</u>:** In addition to the foregoing General Objections, USHA objects to this RFA to the extent that it seeks information from a third party and information not within the custody, control, or possession of USHA. USHA is unable to answer this RFA directed at another person's state of mind, and therefore lacks information sufficient to enable it to either admit or deny this RFA.

18. Admit Nathalia Perez uses USHealth Group, Inc.'s name, image, and likeness to market insurance on the webpage https://www.ushagent.com/NathaliaPerez.

**<u>RESPONSE</u>:** In addition to the foregoing General Objections, USHA objects to this RFA to the extent that it seeks information from a third party and information not within the custody, control, or possession of USHA. USHA is unable to answer this RFA directed at another person's state of mind, and therefore lacks information sufficient to enable it to either admit or deny this RFA.

19. Admit the word "independent" does not appear on the webpage https://ushagent.com/BrandonMartinez

**<u>RESPONSE</u>:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date of the identified webpage for purposes of this RFA. As this RFA does not request a specific date or date range, USHA is unable to and lacks information sufficient to be able to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA

20. Admit the word "independent" does not appear on the webpage https://ushagent.com/JenniferMaser.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date of the identified webpage for purposes of this RFA. As this RFA does not request a specific date or date range, USHA is unable to and lacks information sufficient to be able to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA.

21. Admit the word "independent" does not appear on the webpage https://www.ushagent.com/NathaliaPerez.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date of the identified webpage for purposes of this RFA. As this RFA does not request a specific date or date range, USHA is unable to and lacks information sufficient to be able to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA.

22. Admit the webpage https://www.ushagent.com/JenniferMaser contains the phrase "As a USHealth Advisors Agent."

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date

of the identified webpage for purposes of this RFA. As this RFA does not request a specific date or date range, USHA is unable to and lacks information sufficient to be able to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA.

23. Admit Exhibit C attached to this RFA is a true copy of the registered trademark #5538393, serial number 87489209 filed with the United States Patent and Trademark Office.

**RESPONSE:** Admitted.

24. Admit USHealth Advisors, LLC. is the owner of the registered trademark #5538393, serial number 87489209.

**RESPONSE:** Admitted.

25. Admit registered trademark #5538393, serial number 87489209 appears on webpage https://www.ushagent.com/JenniferMaser.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date of the identified webpage for purposes of this RFA. As this RFA does not request a specific date or date range, USHA is unable to and lacks information sufficient to be able to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA.

26. Admit Exhibit D attached to this RFA is a true copy of the registered trademark #5370076, serial number 87488885 filed with the United States Patent and Trademark Office.

**RESPONSE:** Admitted.

27. Admit USHealth Advisors, LLC is the owner of the registered trademark #5370076, serial number 87489209.

**RESPONSE:** Admitted.

28. Admit registered trademark #5370076, serial number 87489209 appears on webpage https://www.ushagent.com/NathaliaPerez.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this request on the grounds that it is vague and ambiguous as to the relevant date of the identified webpage for purposes of this RFA. As this RFA does not request a specific date or date range, USHA is unable to and lacks information sufficient to be able to admit or deny this RFA. USHA further objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA.

29. Admit USHealth Group, Inc. has the authority to revoke the webpage https://www.ushagent.com/BrandonMartinez without the consent of Brandon.

**RESPONSE:** In addition to the foregoing General Objections, USHA objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA. USHA further objects to this request on the grounds that it

impermissibly requests a legal opinion and legal conclusion, and even more problematically, a legal opinion about the authority another entity has with a webpage that does not belong to USHA. USHA lacks information sufficient to be able to admit or deny this RFA.

30. Admit USHealth Group, Inc. has the authority to revoke the webpage https://www.ushagent.com/JenniferMaser without the consent of Jennifer Maser.

**RESPONSE:** In addition to the foregoing General Objections, USHA objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA. USHA further objects to this request on the grounds that it impermissibly requests a legal opinion and legal conclusion, and even more problematically, a legal opinion about the authority another entity has with a webpage that does not belong to USHA. USHA lacks information sufficient to be able to admit or deny this RFA.

31. Admit USHealth Group Inc. has the authority to revoke the webpage https://www.ushagent.com/NathaliaPerez without the consent of Nathalia Perez.

**RESPONSE:** In addition to the foregoing General Objections, USHA objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA. USHA further objects to this request on the grounds that it impermissibly requests a legal opinion and legal conclusion, and even more

problematically, a legal opinion about the authority another entity has with a webpage that does not belong to USHA. USHA lacks information sufficient to be able to admit or deny this RFA.

32. Admit USHealth Group Inc.'s name, image, and likeness is used with permission on the webpage https://www.ushagent.com/NathaliaPerez.

**RESPONSE:** In addition to the foregoing General Objections, USHA objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA. USHA further objects to this request on the grounds that it impermissibly requests a legal opinion and legal conclusion, and even more problematically, a legal opinion about the permission another entity may have granted with respect to a webpage that does not belong to USHA. USHA lacks information sufficient to be able to admit or deny this RFA.

33. Admit USHealth Group Inc.'s name, image, and likeness is used with permission on the webpage https://www.ushagent.com/BrandonMartinez.

**RESPONSE:** In addition to the foregoing General Objections, USHA objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA. USHA further objects to this request on the grounds that it impermissibly requests a legal opinion and legal conclusion, and even more problematically, a legal opinion about the permission another entity may have

granted with respect to a webpage that does not belong to USHA. USHA lacks information sufficient to be able to admit or deny this RFA.

34. Admit USHealth Group Inc.'s name, image, and likeness is used with permission on the webpage https://www.ushagent.com/JenniferMaser.

**RESPONSE:** In addition to the foregoing General Objections, USHA objects to this request on the grounds that the identified website belongs to another entity, and the requested information is therefore not within the knowledge or information of USHA. USHA further objects to this request on the grounds that it impermissibly requests a legal opinion and legal conclusion, and even more problematically, a legal opinion about the permission another entity may have granted with respect to a webpage that does not belong to USHA. USHA lacks information sufficient to be able to admit or deny this RFA.

35. Admit Plaintiff Joshua Cacho filed case number 6:22-cv-01439-CEM-EJK on August 12, 2022.

**RESPONSE:** Admitted.

36. Admit case number 6:22-cv-01439-CEM-EJK alleged TCPA violations by USHealth Group Inc.

**RESPONSE:** USHA admits that Plaintiff alleged TCPA violations by USHealth Group, Inc. in case number 6:22-cv-01439-CEM-EJK.

37. USHealth Group Inc. was served with the complaint and summons for case 6:22-cv-01439-CEM-EJK on September 9, 2022.

**RESPONSE:** Admitted.

38. Admit Plaintiff received text messages Jennifer Maser after September 9, 2022.

**RESPONSE:** Admitted.

39. Admit Plaintiff received text messages from Roberto Cabrera after September 9, 2022.

**RESPONSE:** Admitted.

Dated: February 15, 2024

GREENSPOON MARDER LLP

*/s/ Roy Taub*

Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 15, 2024, a true and correct copy of the foregoing was served upon Plaintiff *pro se* by e-mail at the following e-mail address:

Joshua Cacho
PO Box 26971
El Paso, Texas 79926
jcacho1848@gmail.com

*Plaintiff Pro Se*

*/s/ Roy Taub*
ROY TAUB

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA CACHO,

Plaintiff,

v.

USHEALTH ADVISORS, LLC et al,

Defendants.
______________________________/

**CASE NO.:** 6:23-cv-737-CEM-EJK

## DEFENDANT USHEALTH ADVISORS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby serves its Objections and Responses to Plaintiff Joshua Cacho's ("Cacho") Second Set of Interrogatories, served January 16, 2024.

## GENERAL OBJECTIONS AND OBJECTIONS TO INSTRUCTIONS

The following General Objections apply to and are incorporated by reference into each Response detailed below given objections to certain instructions and are being made as General Objections solely on that basis. The following General Objections are made with respect to the Interrogatories and the Instructions contained thereto and incorporated in the Interrogatories. The failure to refer specifically to a General Objection shall not be construed as a waiver of that General Objection. In addition, the assertion of the same, similar or additional objections in response to a specific Interrogatory does not waive any General Objection as set forth more fully below.

1. USHA's Responses are made without waiver of, and with preservation of:

   a. All questions as to competency, relevancy, materiality, privilege, and admissibility of each Response and the subject matter thereof as evidence for any purpose in any further proceedings in this action, including the trial of this action;

   b. The right to object on any ground to the use of any response or the subject matter thereof in any further proceedings in this action, including the trial of this action; and

   c. The right to object on any ground at any time to a demand or request for further response, including production of documents or interrogatories, to these or any other discovery proceedings involving or relating to the subject matter of the Interrogatories to which Plaintiffs are responding.

2. USHA objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege or the work product doctrine, including pursuant to a common interest or joint defense privilege. If USHA, in response to any Interrogatory, inadvertently provides information that Plaintiff believes are or may be the subject of any of the foregoing privileges, such response is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents, or any withheld documents.

3. USHA objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality agreement or order.

4. USHA objects to Instruction No. 4 on the grounds that it is overbroad and fails to limit the specific requests. As presently stated, Instruction No. 4 attempts to extend the scope of Plaintiff's specific document requests to all other documents known to USHA that contain information relevant to the request. USHA will not produce documents that are not specifically requested, as the alternative would require speculation on the part of USHA. As such, Instruction No. 4 is overbroad and must be properly limited. USHA will address the specific requests.

## **SPECIFIC OBJECTIONS AND RESPONSES**

1. Identify all text messages and phone calls sent to phone number 407-780-9810 Plaintiff from John Murillas from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message

telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian v. Tixe Realty Servs., Inc.*, No. 19-81106-CIV, 2019 WL 6122662, *3 (S.D. Fla. Nov. 18, 2019) ("*Grigorian I*"), reconsideration denied, 2019 WL 6307191 (S.D. Fla. Nov. 21, 2019) ("*Grigorian II*"). *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide information not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the Interrogatory to records for text messages as identified in the operative complaint. Subject to and as limited by the foregoing general and specific objections, USHA responds as follows:

- 5/22/21 (20:54)
- 5/22/21 (21:00)
- 5/23/21 (16:01)
- 5/24/21 (16:01)

2. Identify all text messages and phone calls sent to phone number 407-780-9810 Plaintiff from Nathalia Perez from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide information not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the Interrogatory to records for text messages as identified in the operative complaint. Subject to and as limited by the foregoing general and specific objections, USHA responds as follows:

- 8/1/22 (18:59)
- 8/2/22 (14:03)
- 8/3/22 (17:02)
- 8/5/22 (14:03)

- 8/7/22 (22:02)
- 8/15/22 (14:02)

3. Identify all text messages and phone calls sent to phone number 407-780-9810 Plaintiff from Jordan Richy from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide information not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the Interrogatory to records for text messages as identified in the operative complaint. Subject to and as limited by the foregoing general and specific objections, USHA responds as follows:

- 7/1/21 (22:58)
- 12/13/22 (14:41)
- 12/13/22 (14:41)
- 12/15/22 (15:01)
- 12/18/22 (14:30)

4. Identify all text messages and phone calls sent to phone number 407-780-9810 Plaintiff from Roberto Cabrera from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide information not limited

to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the Interrogatory to records for text messages as identified in the operative complaint. Subject to and as limited by the foregoing general and specific objections, USHA responds as follows:

- 2/25/23 (10:20)
- 2/26/23 (16:17)
- 2/28/23 (10:25)

5. Identify all text messages and phone calls sent to phone number 407-780-9810 Plaintiff from Brandon Martinez from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff

cannot impose on USHA the burden to locate or provide information not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the Interrogatory to records for text messages as identified in the operative complaint. Subject to and as limited by the foregoing general and specific objections, USHA responds as follows:

- 6/24/22 (23:29)

  6/25/22 (14:17)

  6/26/22 (14:17)
- 6/29/22 (16:17)
- 7/1/22 (16:17)
- 7/4/22 (18:16)
- 7/8/22 (19:16)
- 1/17/23 (15:41)
- 1/18/23 (15:05)
- 1/19/23 (15:15)
- 1/20/23 (14:16)
- 1/22/23 (14:31)
- 1/24/23 (14:04)

6. Identify all text messages and phone calls sent to phone number 407-780-9810 Plaintiff from Jennifer Maser from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide information not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the Interrogatory to records for text messages as identified in the operative complaint. Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA has no business records of any text messages Jennifer Maser sent to Plaintiff. It appears that Maser may have sent text messages to Plaintiff on her personal telephone number, for which USHA does not have records.

7. State who is the owner of the webpage https://ushagent.com/BrandonMartinez.

**<u>RESPONSE</u>:** Subject to the foregoing General Objections, USHA responds as follows: USHEALTH Group, Inc. owns the domain https://ushagent.com.

8. State who is the owner of the webpage https://ushagent.com/JenniferMaser.

**<u>RESPONSE</u>:** Subject to the foregoing General Objections, USHA responds as follows: USHEALTH Group, Inc. owns the domain https://ushagent.com.

9. State who is the owner of the webpage https://ushagent.com/NathaliaPerez.

**<u>RESPONSE</u>:** In addition to the foregoing General Objections, USHA objects to this Interrogatory on the grounds that it is in violation of the Federal Rules of Civil Procedure as Plaintiff exceeded the number of interrogatories allowed to be requested without leave of court. *See* Fed. R. Civ. P. 33(a).

10. State who is the owner of the webpage https://ushagent.com/StevenLaBracke.

**<u>RESPONSE</u>:** In addition to the foregoing General Objections, USHA objects to this Interrogatory on the grounds that it is in violation of the Federal Rules of Civil Procedure as Plaintiff exceeded the number of interrogatories allowed to be requested without leave of court. *See* Fed. R. Civ. P. 33(a). USHA further objects to this Interrogatory on the grounds that it seeks information that is overbroad, irrelevant, and disproportional to the needs of the case as Plaintiff has no allegations regarding Steven LaBracke and he has never been identified in any

context in this case, and therefore he has nothing to do with any matter relevant to a claim or defense in this action.

11. State the relationship between Roberto Cabrera and USHealth Group, Inc.

**RESPONSE:** In addition to the foregoing General Objections, USHA objects to this Interrogatory on the grounds that it is in violation of the Federal Rules of Civil Procedure as Plaintiff exceeded the number of interrogatories allowed to be requested without leave of court. *See* Fed. R. Civ. P. 33(a).

USHA further objects to the Interrogatory on the ground that it calls for information outside of the knowledge or information attributable to USHA, as opposed to another Defendant, as it concerns the relationship between a non-employee (independent contractor) of USHA and another Defendant.

12. State the relationship between Roberto Cabrera and USHealth Advisors, LLC.

**RESPONSE:** In addition to the foregoing General Objections, USHA objects to this Interrogatory on the grounds that it is in violation of the Federal Rules of Civil Procedure as Plaintiff exceeded the number of interrogatories allowed to be requested without leave of court. *See* Fed. R. Civ. P. 33(a).

Dated: February 15, 2024

GREENSPOON MARDER LLP

*/s/ Roy Taub*
Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301

(954) 491-1120
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 15, 2024, a true and correct copy of the foregoing was served upon Plaintiff *pro se* by e-mail at the following e-mail address:

Joshua Cacho
PO Box 26971
El Paso, Texas 79926
jcacho1848@gmail.com

*Plaintiff Pro Se*

*/s/ Roy Taub*
ROY TAUB

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA CACHO, **CASE NO.:** 6:23-cv-737-CEM-EJK

Plaintiff,

v.

USHEALTH ADVISORS, LLC et al,

Defendants.
______________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF JOSHUA CACHO'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby serves its Objections and Responses to Plaintiff Joshua Cacho's ("Cacho") First[1] Set of Requests for Production, which were served on January 16, 2024.

**GENERAL OBJECTIONS AND OBJECTIONS TO INSTRUCTIONS**

The following General Objections apply to and are incorporated by reference into each Response detailed below given objections to certain instructions and are being made as General Objections solely on that basis. The following General Objections are made with respect to the Requests for Production ("RFP") and the Instructions contained thereto and incorporated in the RFPs. The failure to refer specifically to a General Objection shall not be

[1] Although titled the "First" Set of Requests, these were actually Plaintiff's Second Set of Requests for Production.

construed as a waiver of that General Objection. In addition, the assertion of the same, similar or additional objections in response to a specific RFP does not waive any General Objection as set forth more fully below.

1. USHA's Responses are made without waiver of, and with preservation of:

a. All questions as to competency, relevancy, materiality, privilege, and admissibility of each Response and the subject matter thereof as evidence for any purpose in any further proceedings in this action, including the trial of this action;

b. The right to object on any ground to the use of any response or the subject matter thereof in any further proceedings in this action, including the trial of this action; and

c. The right to object on any ground at any time to a demand or request for further response, including production of documents or interrogatories, to these or any other discovery proceedings involving or relating to the subject matter of the RFPs to which Plaintiffs are responding.

2. USHA objects to the RFPs to the extent that they seek information or documents protected from disclosure by the attorney-client privilege or the work product doctrine, including pursuant to a common interest or joint defense privilege. If USHA, in response to any RFP, inadvertently provides information that Plaintiff believes are or may be the subject of any of the foregoing

privileges, such response is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents, or any withheld documents.

3. USHA objects to each request to the extent it seeks documents not within the custody, control, or possession of USHA, or that are more readily or uniquely obtainable from third parties.

4. USHA objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality agreement or order.

5. USHA objects to Instruction No. 4 on the grounds that it is overbroad and fails to limit the specific requests. As presently stated, Instruction No. 4 attempts to extend the scope of Plaintiff's specific document requests to all other documents known to USHA that contain information relevant to the request. USHA will not produce documents that are not specifically requested, as the alternative would require speculation on the part of USHA. As such, Instruction No. 4 is overbroad and must be properly limited. USHA will address the specific requests.

6. USHA objects to Instruction No. 6 on the grounds that it is overbroad, unduly burdensome, unnecessary given the scope of the claims, and disproportional to the needs of the case and amount at issue. Producing all

documents in searchable text and metadata is an unnecessary expense given the nature of this case requires neither and adds to the undue burden.

**SPECIFIC OBJECTIONS AND RESPONSES**

1. Produce a copy of the contract between Brandon Martinez and USHealth Group Inc.

**RESPONSE:** Subject to the foregoing general objections, USHA responds as follows: USHA has no documents responsive to this request in its custody, control, or possession. No non-privileged documents are being withheld from production based on these objections.

2. Produce a copy of the contract between Jennifer Maser and USHealth Group Inc.

**RESPONSE:** Subject to the foregoing general objections, USHA responds as follows: USHA has no documents responsive to this request in its custody, control, or possession. No non-privileged documents are being withheld from production based on these objections.

3. Produce a copy of the contract between Nathalia Perez and USHealth Group Inc.

**RESPONSE:** Subject to the foregoing general objections, USHA responds as follows: USHA has no documents responsive to this request in its custody, control, or possession. No non-privileged documents are being withheld from production based on these objections.

4. Produce a copy of all outbound call and text records to phone number 407-780-9810 from Brandon Martinez from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this RFP on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian v. Tixe Realty Servs., Inc.*, No. 19-81106-CIV, 2019 WL 6122662, *3 (S.D. Fla. Nov. 18, 2019) ("*Grigorian I*"), reconsideration denied, 2019 WL 6307191 (S.D. Fla. Nov. 21, 2019) ("*Grigorian II*"). *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide documents not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the RFP to records for text messages as identified in the operative complaint. USHA further objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret

information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality agreement or order.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA will produce non-privileged text records from Brandon Martinez to phone number 407-780-9810 between January 1, 2021 to present in its custody, control, or possession, if any, after conducting a search that is reasonable under the circumstances and upon entry of a confidentiality agreement or order. It is unclear if non-privileged documents are being withheld from production based on these objections.

5. Produce a copy of all outbound call and text records to phone number 407-780-9810 from Jennifer Maser from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this RFP on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at

most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide documents not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the RFP to records for text messages as identified in the operative complaint.

USHA further objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality agreement or order.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA will produce non-privileged text records from Jennifer Maser to phone number 407-780-9810 between January 1, 2021 to present in its custody, control, or possession, if any, after conducting a search that is reasonable under the circumstances and upon entry of a confidentiality agreement or order. It is unclear if non-privileged documents are being withheld from production based on these objections.

6. Produce a copy of all outbound call and text records to phone number 407-780-9810 from Nathalia Perez from January 1, 2021, to present.

**<u>RESPONSE</u>:** In addition to the foregoing general objections, USHA objects to this RFP on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide documents not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the RFP to records for text messages as identified in the operative complaint.

USHA further objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality agreement or order.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA will produce non-privileged text records from Nathalia Perez to phone number 407-780-9810 between January 1, 2021 to present in its custody, control, or possession, if any, after conducting a search that is reasonable under the circumstances and upon entry of a confidentiality agreement or order. It is unclear if non-privileged documents are being withheld from production based on these objections.

7. Produce a copy of all outbound call and text records to phone number 407-780-9810 from Jordan Richey from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this RFP on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff

cannot impose on USHA the burden to locate or provide documents not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the RFP to records for text messages as identified in the operative complaint.

USHA further objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality agreement or order.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA will produce non-privileged text records from Jordan Richey to phone number 407-780-9810 between January 1, 2021 to present in its custody, control, or possession, if any, after conducting a search that is reasonable under the circumstances and upon entry of a confidentiality agreement or order. It is unclear if non-privileged documents are being withheld from production based on these objections.

8. Produce a copy of all outbound call and text records to phone number 407-780-9810 from Roberto Cabrera from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this RFP on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or

defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide documents not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the RFP to records for text messages as identified in the operative complaint.

USHA further objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality agreement or order.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA will produce non-privileged text records from Roberto Cabrera to phone number 407-780-9810 between January 1, 2021 to present in its custody, control, or possession, if any, after conducting a search that

is reasonable under the circumstances and upon entry of a confidentiality agreement or order. It is unclear if non-privileged documents are being withheld from production based on these objections.

9. Produce a copy of all outbound call and text records to phone number 407-780-9810 from John Murillas from January 1, 2021, to present.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to this RFP on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, disproportional to the needs of the case, and not relevant to any party's claim or defense to the extent it seeks information or records relating to non-text message telephone calls. Plaintiff's Complaint alleges that he received only text messages, which are distinct from telephone calls and involve different types of records, factual circumstances, and evidence. Plaintiff's sole claims satisfy the pleading requirements of "Rule 8(a)(2) only insofar as they allege the Defendant violated the [statutes] [by sending him text messages]," and "[t]herefore, Plaintiff is, at most, entitled to discovery (from any source, including third parties . . .) that is relevant to whether the Defendant violated the [statutes]" as alleged. *Grigorian I*, 2019 WL 6122662 at *3. *See also Grigorian II*, 2019 WL 6307191 at *2. Plaintiff cannot impose on USHA the burden to locate or provide documents not limited to the text messages placed at issue in the operative complaint. USHA will therefore limit its response to the RFP to records for text messages as identified in the operative complaint.

USHA further objects to the disclosure of any information that contains confidential, proprietary, competitively-sensitive, or trade secret information. No such information or documents shall be provided, including the referenced supplemental responses pursuant to Federal Rule of Civil Procedure 33(d), in the absence of a confidentiality agreement or order.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA will produce non-privileged text records from John Murillas to phone number 407-780-9810 between January 1, 2021 to present in its custody, control, or possession, if any, after conducting a search that is reasonable under the circumstances and upon entry of a confidentiality agreement or order. It is unclear if non-privileged documents are being withheld from production based on these objections.

10. Produce a copy of the contract between Brandon Martinez and USHealth Advisors, LLC.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the requested document as it contains confidential, proprietary, competitively-sensitive, and/or trade secret information. No such information or documents shall be provided in the absence of a confidentiality agreement or order.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA will produce non-privileged documents within its custody, control, or possession, if any, responsive to this request upon entry of a

confidentiality agreement or order. USHA does not believe that any non-privileged documents are being withheld from production based on these objections.

11. Produce a copy of the contract between Jennifer Maser and USHealth Advisors, LLC.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the requested document as it contains confidential, proprietary, competitively-sensitive, and/or trade secret information. No such information or documents shall be provided in the absence of a confidentiality agreement or order.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA will produce non-privileged documents within its custody, control, or possession, if any, responsive to this request upon entry of a confidentiality agreement or order. USHA does not believe that any non-privileged documents are being withheld from production based on these objections.

12. Produce a copy of the contract between Nathalia Perez and USHealth Advisors, LLC.

**RESPONSE:** In addition to the foregoing general objections, USHA objects to the requested document as it contains confidential, proprietary, competitively-sensitive, and/or trade secret information. No such information or documents shall be provided in the absence of a confidentiality agreement or order.

Subject to and as limited by the foregoing general and specific objections, USHA responds as follows: USHA will produce non-privileged documents within its custody, control, or possession, if any, responsive to this request upon entry of a confidentiality agreement or order. USHA does not believe that any non-privileged documents are being withheld from production based on these objections.

13. Produce a copy of the contract between Brandon Martinez and Freedom Life Insurance Company of America.

**RESPONSE:** Subject to the foregoing general objections, USHA responds as follows: Following an investigation that is reasonable under the circumstances, USHA has no documents responsive to this request in its custody, control, or possession. USHA does not believe that any non-privileged documents are being withheld from production based on these objections.

14. Produce a copy of the contract between Jennifer Maser and Freedom Life Insurance Company of America.

**RESPONSE:** Subject to the foregoing general objections, USHA responds as follows: Following an investigation that is reasonable under the circumstances, USHA has no documents responsive to this request in its custody, control, or possession. USHA does not believe that any non-privileged documents are being withheld from production based on these objections.

15. Produce a copy of the contract between Nathalia Perez and Freedom Life Insurance Company of America.

**RESPONSE:** Subject to the foregoing general objections, USHA responds as follows: Following an investigation that is reasonable under the circumstances, USHA has no documents responsive to this request in its custody, control, or possession. USHA does not believe that any non-privileged documents are being withheld from production based on these objections.

Dated: February 15, 2024

GREENSPOON MARDER LLP

*/s/ Roy Taub*
Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 15, 2024, a true and correct copy of the foregoing was served upon Plaintiff *pro se* by e-mail at the following e-mail address:

Joshua Cacho
PO Box 26971
El Paso, Texas 79926
jcacho1848@gmail.com

*Plaintiff Pro Se*

*/s/ Roy Taub*
ROY TAUB